IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-05-132-BLG-DWM-CSO-1 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| APRIL WALLACE, | |
| Defendant. | |

**I. Synopsis**

A petition alleged that Defendant April Wallace ("Wallace") violated her conditions of supervised release by associating with convicted felons and failing to truthfully answer all inquiries by her probation officer, as well as failing to follow his instructions. She admitted the violations. Wallace's supervised release should be revoked, and she should be sentenced to 7 months imprisonment followed by 25 months of supervised release.

1

## II. Status

On March 22, 2006, Wallace pled guilty to Distribution of Methamphetamine. *ECF 19*. The offense involved Wallace distributing 13.2 grams of 85% methamphetamine, commonly referred to as "ice," or 11.2 grams of pure methamphetamine. *ECF 14*. On June 23, 2006, the Court sentenced Wallace to 34 months incarceration with 5 years of supervised release to follow. *ECF 22*. Wallace began her supervised release on November 21, 2008. *ECF 26*.

On March 27, 2012, the United States Probation Office prepared a Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Wallace to appear to answer allegations that she violated conditions of her supervised release. *ECF 26*. Based on the petition, Judge Richard F. Cebull issued a warrant for Wallace's arrest, *ECF 27*, and on April 12, 2012, Wallace appeared before Judge Cebull for a hearing on whether her supervised release should be revoked. *ECF 33*. Wallace admitted to the three alleged violations, and Judge Cebull revoked Wallace's supervised release. The Court sentenced Wallace to 4 months incarceration with 32 months

supervised release. *ECF 34*. Wallace began this second term of supervised release on July 27, 2012. *ECF 36*.

**Petition**

On May 23, 2013, the United States Probation Office filed another Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Wallace to appear to answer allegations that she violated conditions of her supervised release. *ECF 36*. The petition alleged that Wallace violated Standard Condition Number 9 on one occasion, after she was found to be associating with Eli Perea and Moriah Beckman, both convicted felons. *Id*. The petition also alleged that Wallace violated Standard Condition Number 3 on two occasions by (1) associating on three different dates with Eli Perea, a convicted felon, against the instruction of the probation officer, and (2) by failing to truthfully answer the probation officer regarding with whom she was associating. *Id*.

Based on the petition, Chief Judge Dana L. Christensen issued a warrant for Wallace's arrest. *ECF 37*. The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the

undersigned for Findings and Recommendations. *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7.*

**Initial Appearance**

Wallace was arrested on May 24, 2013. She made an initial appearance before the undersigned on May 28, 2013, in Billings, Montana. *ECF 38.*

**Revocation Hearing**

On June 21, 2013, Wallace appeared before the undersigned for a hearing on whether her supervised release should be revoked. David Merchant, Federal Defenders of Montana, represented Wallace. Assistant U.S. Attorney Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Wallace, including her right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. In addition, Wallace, her counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging her understanding of the Findings and Recommendations procedure and

4

consenting thereto.

Wallace admitted all three of the alleged violations. The undersigned accepted her admission, determined that her supervised release should be revoked or modified, and proceeded to consider sentencing recommendations. The undersigned calculated that Wallace's violation grade is C, her criminal history category is I, and the underlying offense is a class B felony. Under those circumstances, the maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines call for 3 to 9 months incarceration. Wallace could be sentenced to as much as 60 months supervised release, less any incarceration time imposed. Ms. Suek and Mr. Merchant agreed with those calculations.

Ms. Suek recommended a sentence of 7 months incarceration followed by 25 months supervised release. Ms. Suek argued that because this was a second violation, a higher sentence within the guideline range would be appropriate. Ms. Suek strongly argued for the requested term of supervised release.

Mr. Merchant agreed that 7 months incarceration was

appropriate, but argued for a long-term placement at Passages for Women rather than a term of supervised release.  He argued that Wallace was raised in an environment that offered zero repercussions for substance abuse or violating the law, which has hampered Wallace's ability to be successful in society.  He also explained that her current violations resulted from her uncontrollable need to associate with others, even when contrary to logic.  He argued that Wallace was less likely to be successful on supervised release, and would instead benefit from the long-term supervision and structure of a halfway house.

Wallace addressed the Court.  She apologized for lying to Matt Shea, her probation officer, and explained that she was embarrassed to be before the Court again for revocation proceedings.  She acknowledged the seriousness of her violation with respect to lying to her probation officer, but stated that Matt Shea was the first law enforcement officer she had lied to.  She explained that she wants to be a successful member of society, but does not currently have the tools or ability to do so.

### III. Analysis

Based on Wallace's admitted violations of her conditions of supervised release, her supervised release should be revoked. The violations are troubling not only because they are breaches of the Court's trust, but also because of the multiple attempts made by her supervising officer to impart upon Wallace the seriousness of her noncompliance and the consequences that likely would result from repeated failures to comply.

Wallace should be sentenced to 7 months incarceration, with 25 months of supervised release to follow. No circumstances warrant a departure from the guideline range.

### III. Conclusion

The undersigned advised Wallace that the above sentence would be recommended to Judge Molloy, and reminded her that she has the right to appear and allocute before Judge Molloy. The undersigned instructed Wallace that she may object to these Findings and Recommendations within 14 days of their issuance, and must do so if she wishes to preserve her right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1.  Wallace violated Standard Condition Number 9 on one occasion by associating with Eli Perea and Moriah Beckman, both convicted felons.

2.  Wallace violated Standard Condition Number 3 on two occasions by (1) associating on three different dates with Eli Perea, a convicted felon, against the instruction of her probation officer, and (2) by failing to truthfully answer her probation officer regarding who she was associating with.

The Court makes the following **RECOMMENDATION:**

1.  The District Court should enter the attached Judgment, revoking Wallace's supervised release and committing Wallace to the custody of the United States Bureau of Prisons for a term of imprisonment of 7 months followed by a 25-month term of supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of June, 2013.

        /s/ Carolyn S. Ostby
       United States Magistrate Judge